{¶ 28} I respectfully dissent from the majority regarding whether the court satisfied the statutory requirements for ordering consecutive sentences and whether the court's reasons for ordering the maximum were entirely based on accurate facts. I would otherwise concur.
 {¶ 29} Defendant argues that the court erred in its description of the facts it relied on in finding that this was the worst form of the offense. The court's reasons for making this finding were (1) he engaged in sexual activity "in the presence of her sister," and (2) he lured the victim away from her home. Defendant argues that the record does not support the court's first observation, because he always took the victim into another room before performing sexual acts on her. He is correct.
 {¶ 30} The record does not support the court's observation that he performed the sexual acts on the victim while her sister was in the room. Although the record clearly reflects that the sister was aware of defendant's different relationship with the victim, as is evidenced by the sister calling him "your man," it does not specifically indicate that she witnessed any sexual activity between them.
 {¶ 31} Because the lower court erred in its summary of a fact upon which it based, at least in part, its decision to give a maximum sentence, I would remand the case for clarification. I believe that anyone sent to prison should have the assurance that the reasons for his imprisonment are based on accurate facts.
 {¶ 32} Additionally, defendant argues that when the court imposed consecutive sentences, it did not comply with the statutory requirement that the court give its reasons for its findings. I agree. When imposing consecutive sentences, the court must comply with R.C. 2929.14(E)(4)(a), (b), and (c), which require the court to make findings that consecutive sentences are (1) necessary to either protect the public or punish the offender and (2) are not disproportionate to the seriousness of the offender's conduct. The court must further find one of the following: the offenses were committed while defendant was awaiting sentence, on probation or parole, or on post-release control, or the harm caused was so great that no single term would adequately reflect the offender's conduct, or the offender's criminal history shows that the consecutive sentences are necessary to protect the public from future crime.
 {¶ 33} The record shows the court did make the required findings: "consecutive terms are necessary to protect the public, consecutive terms are necessary to punish the defendant, the terms are not disproportionate to the seriousness of the offender's conduct and the danger imposed to [sic] the public, and no single prison term adequately reflects the seriousness of the conduct."
 {¶ 34} The court also stated its reasons, as required by R.C.2929.19(b)(2)(c):
 {¶ 35} "Now I have to look at each form of the crime and make a determination whether it is appropriate to impose consecutive sentences. And certainly sexual battery is a separate act than corruption of a minor and it is a separate act than unlawful contact with a minor.
 {¶ 36} "This occurred over a long period of time. This occurred in various residences. This occurred in various forms with varying sexual activities. And the Court takes this, as do the citizens of the State of Ohio, very seriously. Each time you violated this young lady was a separate and distinct act. You had numerous conversations, and several of them being on tape with people about your activities. That seemed to be part of the excitement for you. At any time you could have ceased and desisted this activity, yet it occurred over a long period of time."
 {¶ 37} The trial court also provided details when it read from the presentence investigation report. The court did not, however, specify which facts support which statutory criteria for consecutive sentences. It is not enough for the court to reference generally its previous discussion when giving its reasons pursuant to R.C. 2929.19. A general narrative of the facts separate from a general listing of the findings does not fully comply with the statutory requirements. Rather, the court must identify which facts support each finding. In the case at bar this relationship of fact to criterion was not clear. For example, the court observes that the defendant seemed to receive excitement from talking about his activities, but the court does not explain the relevancy of this observation to a required finding. Nor does the court explain which criteria it is supporting when it distinguishes between sexual battery and corruption of a minor. The court presented numerous specific facts in the record and observations, but failed to develop the relevancy of those observations and to relate these facts to separate findings. In other words, the court stopped short of its full task.
 {¶ 38} For a reviewing court to understand the trial court's reasoning in imposing a sentence, the transcript needs to show the direct correlation between the facts upon which the court relied and each criterion required by the statute. In a model sentencing hearing, the trial court would cite the supporting facts at the same time it addresses a particular criterion so that the transcript would clearly demonstrate the relationship between those facts and the particular criteria. In the case at bar, the trial court failed to provide this clear nexus.
 {¶ 39} The goal of the new sentencing statutes is to ensure consistency. That goal requires that the sentencing courts cooperate by clearly specifying what facts support each finding.